IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALFRED CHEESE #33175037 | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. L-10-2223 |
| ENVIRONMENT AND NATURAL RESOURCES DIVISION | : | |
| | : | |
| Defendant | | |

**MEMORANDUM**

Alfred Cheese ("Cheese") is an inmate housed at the Federal Correctional Institution ("FCI") in Cumberland, Maryland. On August 10, 2010, the Court received for filing his "Petition for Writ of Habeas Corpus Under Title 28 U.S.C. § 2241 in Accordance with 5 U.S.C. § 552(a)(4)(B)." ECF No. 1. Cheese claims that the Environment and Natural Resources Division ("ENRD") of the Department of Justice has failed to properly respond to his Freedom of Information Act ("FOIA") requests for documents and seeks review in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides a remedy under the FOIA for the filing of a complaint to enjoin a federal agency from improperly withholding records. Id. Although filed as a § 2241 Petition, the action is plainly a complaint filed pursuant to the FOIA and was treated accordingly.[1]

Pending are (i) Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment; (ii) Cheese's Opposition; and (iii) Defendant's Reply. (ECF Nos. 8, 11, and 12). The Court will dispense with a hearing. See Local Rule 105.6. (D. Md. 2010). For the reasons

---

[1] Cheese was ordered to remit the civil filing fee. Thus far $355.00 has been received. The Clerk shall be directed to refund the $5.00 overpayment to Cheese.

stated below, the Court will, by separate Order, GRANT Defendant's Motion for Summary Judgment.

I. BACKGROUND

Cheese seemingly questions whether the federal government had properly obtained and exercised its residual police powers normally exercised by the state, and obtained partial, exclusive, or no jurisdiction over unspecified matters.[2] He claims that to obtain an answer to his question he filed a FOIA request with the ENRD in February of 2009, regarding " 'any ceding and acceptance of jurisdiction between the United States and the State of Maryland' in connection to three locations in Maryland" pursuant to 40 U.S.C. § 3112. Cheese states that the ENRD response indicated that no documents responsive to his request could be located. Cheese's administrative appeal was dismissed as the Office of Information and Privacy ("OIP") confirmed that no records responsive to Cheese's request could be located in the ENRD files. He subsequently sought review in this Court.

Defendant acknowledges that Cheese submitted a FOIA request on February 12, 2009 "requesting information regarding any ceding and acceptance of jurisdiction between the United States and Maryland" in connection with three addresses in Maryland. In a letter to Cheese, the ENRD informed him that a search of its files had been conducted and that no records responsive to his FOIA request had been located. ECF No. 8, Ex. 1, Attachment C. Cheese filed an administrative appeal with the OIP, which was received by the OIP on April 20, 2009. In a letter dated May 25, 2010, the OIP notified Cheese of its decision to affirm the ENRD

---

[2] The Court observes that after a 33-day jury trial Cheese was convicted on drug distribution conspiracy and firearms counts and on March 14, 2000, was sentenced to three concurrent life sentences. See United States v. Cheese, Criminal No. L-98-0259 (D. Md.).

2

responses that no records within the scope of his request had been located. Id., Ex. 1, Attachments D through F.

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### A. STANDARD OF REVIEW

A motion for summary judgment will be granted only if a party asserting that a fact cannot be or is genuinely disputed supports the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. Additionally, no genuine issue of material fact will be found if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. See Celotex, 477 U.S. at 322-323. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Under the FOIA, federal agencies are required upon request to promptly make available records where the request reasonably describes the records requested and is made in accordance with published rules. See 5 U.S.C. § 552(a)(3)(A). Records which are properly requested must be provided in any form or format requested by the person if it is readily reproducible in that

form.  See 5 U.S.C. § 552(a)(3)(B).  The purpose of FOIA is to open government agency action to public scrutiny.  See U.S. Dep't of Justice v. Reporters Committee for Freedom of Press, 489 U.S. 749, 774-776 (1989).  The FOIA granted jurisdiction to the federal district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).  Federal jurisdiction, however, is dependent upon a showing that the agency has: (1) improperly; (2) withheld; (3) agency records.  See Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980).  "Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation."  Id.  Further, the FOIA establishes certain exemptions from disclosure which must be narrowly construed to accommodate the goal of public disclosure of agency records.  See Department of Air Force v. Rose, 425 U.S. 352, 361 (1976).

Where, as here, the ENRD does not claim that the information sought is otherwise exempt from disclosure but argues that no information within the scope of the request could be located, the Court must evaluate the adequacy of the agency search for documents.  The law in this Circuit establishes that the "relevant question is not whether every single potentially responsive document has been unearthed, but whether the agency has demonstrated that it has conducted a search reasonably calculated to uncover all relevant documents."  Ethyl Corp v. United States Envtl. Protection Agency, 25 F.3d 1241, 1246 (4th Cir. 1994); see also Rein v. U.S. Patent & Trademark Office, 553 F.3d 353, 362 (4th Cir. 2009).  To show the adequacy of its FOIA search, the agency may not rest on an affidavit that "simply avers that search was

conducted in a manner consistent with customary practice and established procedure; rather, the affidavit must be reasonably detailed by setting forth search and search terms and type of search performed, and by averring that all files likely to contain responsive materials (if such files exist) were searched." See Ethyl Corp., 25 F.3d at 1246-47.

The necessary "corollaries" to the "touchstone" standard of review of agency compliance in Ethyl Corp. are as follows: (1) the agency need not examine in detail every document within its control; (2) the agency's efforts are not necessarily impugned by proof that a reasonable search did not uncover a particular relevant document; and (3) a FOIA requester cannot undermine the reasonableness of the agency's search by mere speculation that uncovered documents may exist. See Allnutt v. U.S. Dep't of Justice, 99 F. Supp.2d 673, 676 (D. Md. 2000).

The ENRD has filed a Declaration of an attorney in its Law and Policy Section ("LPS") regarding its process in searching into Cheese's request. The Declaration shows that the ENRD conducted a thorough search of: all its legislative files associated with Maryland in an effort to obtain responsive documents; the LPS's electronic document management system for materials that had "legislative jurisdiction" "jurisdiction" and "Maryland" in the text; and the addresses in Cheese's request, "4315 Annapolis Road, Baltimore, Maryland 21227," "1215 Sugarwood Circle, Baltimore, Maryland 21221," and "401 Bosley Avenue, Towson, Maryland, 21204" using search engine maps. (ECF No. 8, Ex. 1 at Blaha Decl..) The searches revealed no potentially responsive documents.

Cheese states that LPS attorney Blaha admits that the LPS maintains files, indexed and organized by State, containing all ENRD records relating to the acceptance of jurisdiction. He

therefore asserts that the ENRD response to his FOIA request is not accurate and the ENRD is "improperly withholding the requested records, which they are required to disclose under the law." (ECF No. 11.)

B. ANALYSIS

The Court concludes that the ENRD has satisfied its burden of showing the adequacy of its search. It reviewed its legislative jurisdiction files related to the State of Maryland; conducted an electronic data search using relevant verbiage related to legislative jurisdiction and Maryland; and conducted a search of the property addresses in Cheese's FOIA request. The fact that information requested could not be produced does not, in and of itself, result in the conclusion that the search was inadequate. See Rein, 553 F.3d at 364. Further, Cheese's speculative claim that documents responsive to his request were withheld does not undercut the demonstrated reasonableness of the search. Alnutt, 99 F. Supp.2d at 676.

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order GRANT Defendant's Motion, construed as a motion for summary judgment.

Dated this 28th day of February 2011.

/s/
_____
Benson Everett Legg
United States District Judge